**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

FILED
OCT - 7 2005
NORTHERN DISTRICT COURT
SAN JOSE CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | Case Number    CR05-00635 JW |
| v. | |
| ARMAND JOHN VALLE, Defendant. | ORDER OF DETENTION PENDING TRIAL |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on October 6, 2005. Defendant was present, represented by his attorney Lara Vinnard, AFPD. The United States was represented by Assistant U.S. Attorney David Callaway.

**PART I. PRESUMPTIONS APPLICABLE**

/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ / There is probable cause based upon (the indictment) (the facts found in Part IV below) to believe that the defendant has committed an offense

A. ___ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

B. ___ under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ X / No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption[s], and he therefore will be ordered detained.

/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)**

/ X / The United States has proved to a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, AND/OR

/ X / The United States has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: In light of the defendant's criminal history, including the commission of offenses while on felony probation as well as violent conduct, the proffer by the United States of his involvement in gang-related activities, the allegations that in the instant offense he was present with others in a motor vehicle in possession of weapons and ammunition, and the absence of adequate security or sureties, there are no conditions or combination of conditions that would reasonably assure the appearance of the defendant for further proceedings or assure the safety of the community.

/ / Defendant, his attorney, and the AUSA have waived written findings.

PART V. DIRECTIONS REGARDING DETENTION

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 6, 2005

_____
RICHARD SEEBORG
United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____